UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON LAMONT BROWN,

       Plaintiff,

                                            Case Number: 2:10-CV-12649

v.                                       Honorable Patrick J. Duggan

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
and MACOMB COUNTY CIRCUIT
COURT,

       Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

On July 2, 2010, Plaintiff Carlton Lamont Brown filed a *pro se* civil rights complaint against Defendants: the Michigan Department of Corrections ("MDOC"), MDOC Director Patricia Caruso, and the Macomb County Circuit Court. Plaintiff is a MDOC inmate, currently incarcerated pursuant to convictions rendered in Macomb County Circuit Court in 2001.

In his Complaint, Plaintiff alleges that his criminal convictions are invalid because they were obtained by use of fraud, deceit, and misrepresentation. He further argues that the circuit court lacked jurisdiction over him because he is not subject to the commercial police powers of the State of Michigan. Plaintiff also alleges that misconduct tickets issued by corrections officers are invalid because he is not a person subject to the jurisdiction of the MDOC and because the rules of the MDOC were not properly

promulgated. For relief, Plaintiff seeks restoration of his freedom, the return of documents confiscated during his incarceration at the Kinross Correctional Facility, and monetary damages as follows: "$25,000 per 23 minutes period, i.e., $65,217.91 per hour i.e., $1,565,217,000 per day i.e., $571,104,314.50 per year." (Compl. at 11.) Additionally, Plaintiff seeks "One Billion Five-hundred Million U.S. Dollars in the form of U.S. Portal Money Order(s)." (*Id.*)

## II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic

2

recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

### III. Discussion

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite this liberal pleading standard, the Court finds that Plaintiff's Complaint is subject to summary dismissal.

Plaintiff's request for monetary relief for alleged violations of his constitutional rights related to the convictions for which he is incarcerated is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). As the Supreme Court summarized its holding in *Heck*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages

> bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87, 114 S. Ct. at 2372 (emphasis in original and footnote omitted). Plaintiff has not shown that his convictions have been invalidated by state officials or impugned by federal officials on habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, his claims related to his current convictions fail to state a claim upon which relief may be granted.

Additionally, Plaintiff's allegations against MDOC and Macomb County Circuit Court are frivolous and fail to state a claim on which relief may be granted because the Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 1145 (1979). Accordingly, the Macomb County Circuit and MDOC are immune from liability for cases filed under § 1983.

Finally, Plaintiff's claims against Patricia Caruso ("Director Caruso") fail to state a claim upon which relief may be granted. Plaintiff appears to be basing his allegations

against Director Caruso on the actions of corrections officers at Kinross Correctional Facility who, Plaintiff alleges, unlawfully confiscated his property, including legal documents. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). In this case, Plaintiff fails to allege any specific conduct by Caruso that would support a finding that she directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, Plaintiff fails to state a claims against Caruso.

## IV. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's Complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted.

Accordingly,

**IT IS ORDERED**, that pursuant to 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(C), Plaintiff's Complaint is **SUMMARILY DISMISSED IN PART WITH PREJUDICE** and, with respect to his *Heck* related claims, **SUMMARILY DISMISSED**

**IN PART WITHOUT PREJUDICE**;[1]

     **IT IS FURTHER ORDERED**, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921 (1962).

DATE: December 6, 2010            s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copy to:
Carlton Lamont Brown, #362723
3001 Newberry Avenue
Newberry, MI 49868

---

[1] *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that cases dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiffs may re-assert their claims if they obtain reversal or expungement of their convictions).