UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON LAMONT BROWN,

        Plaintiff,

                                  Case Number: 2:10-CV-12649
v.                                 Honorable Patrick J. Duggan

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
and MACOMB COUNTY CIRCUIT
COURT,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On July 2, 2010, Plaintiff Carlton Lamont Brown filed a *pro se* civil rights

complaint against Defendants: the Michigan Department of Corrections ("MDOC"),

MDOC Director Patricia Caruso, and the Macomb County Circuit Court.  Plaintiff is a

MDOC inmate, currently incarcerated pursuant to convictions rendered in Macomb

County Circuit Court in 2001.  In an Order issued on December 6, 2010, this Court

summarily dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 42

U.S.C. § 1997e(C).  The Court dismissed without prejudice Plaintiff's claims challenging

his conviction and sentence and dismissed with prejudice his remaining claims against

MDOC and the Macomb County Circuit Court based on Eleventh Amendment Immunity

and against Director Caruso because the doctrine of respondeat superior liability does not

apply in a 42 U.S.C. § 1983 lawsuit to impute liability onto supervisory personnel.

Plaintiff filed a motion for reconsideration on December 30, 2010.  The motion is signed

and dated by Plaintiff on December 28, 2010.

Eastern District of Michigan Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id.* Similarly, motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion brought pursuant to Rule 59(e) or Local Rule 7.1(h) must be filed no later than fourteen (14) days after entry of the judgment or order. FED. R. CIV. P. 59(e); E.D. Mich. LR 7.1(h)(1).

Plaintiff's motion for reconsideration is untimely, as it was filed more than fourteen days after this Court's December 6, 2010 Order of Summary Dismissal and Judgment. Even if the motion had been timely filed, however, it does not present a basis for reaching a different outcome in this case. Plaintiff fails to present any arguments in his motion for reconsideration demonstrating a palpable defect in the Court's prior decision, an error of law, newly discovered evidence, a change in controlling law, or manifest injustice warranting relief.

Accordingly,

2

**IT IS ORDERED,** that Plaintiff's Motion for Reconsideration is **DENIED**.


DATE: January 24, 2011                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE


Copy to:
Carlton Lamont Brown, #362723
Newberry Correctional Facility
3001 Newberry Avenue
Newberry, MI 49868